TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

XAVIER BECERRA
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | No. 18-303 |
| of | : | August 23, 2019 |
| XAVIER BECERRA
Attorney General | : | |
| ANYA M. BINSACCA
Deputy Attorney General | : | |

_____

THE HONORABLE RICHARD ROTH, MEMBER OF THE STATE SENATE, has requested an opinion on the following question:

Government Code section 27388.1, a statute within the Building Homes and Jobs Act, imposes a $75 fee for recording various real estate documents. Is a "record of survey," as described in the Professional Land Surveyors' Act, subject to this fee?

CONCLUSION

Yes. A record of survey is subject to the $75 recording fee required by Government Code section 27388.1, unless an exception set forth in that statute applies.

1

18-303

ANALYSIS

Government Code section 27388.1 imposes a new recording fee on real estate documents. The purpose of the new fees is to "establish a permanent, ongoing source or sources of funding dedicated to affordable housing development."[1]

Section 27388.1 provides that, as of January 1, 2018, an extra fee of $75 must be paid "at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted . . . ."[2] We have been asked for our opinion whether a record of survey is subject to the new fee. In order to answer the question, we must consider whether a record of survey is the kind of document that was meant to be included in the new rule.

The Professional Land Surveyors' Act[3] provides that records of survey may be filed with the county surveyor in certain circumstances,[4] and must be filed with the county surveyor in others.[5] In either case, the county surveyor must then "present [the record of

---

[1] Stats. 2017, ch. 364, § 2(b)(17).

[2] Gov. Code, § 27388.1, subd. (a)(1) states:

Commencing January 1, 2018, and except as provided in paragraph (2), in addition to any other recording fees specified in this code, a fee of seventy-five dollars ($75) shall be paid at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel of real property. The fee imposed by this section shall not exceed two hundred twenty-five dollars ($225). "Real estate instrument, paper, or notice" means a document relating to real property, including, but not limited to, the following: deed, grant deed, trustee's deed, deed of trust, reconveyance, quit claim deed, fictitious deed of trust, assignment of deed of trust, request for notice of default, abstract of judgment, subordination agreement, declaration of homestead, abandonment of homestead, notice of default, release or discharge, easement, notice of trustee sale, notice of completion, UCC financing statement, mechanic's lien, maps, and covenants, conditions, and restrictions.

[3] Bus. & Prof. Code, § 8700, et seq.

[4] Bus. & Prof. Code, § 8762, subd. (a).

[5] Bus. & Prof. Code, § 8762, subd. (b).

2

survey] to the county recorder for filing."[6]  Thus, a record of survey is "permitted by law to be recorded," and whether it is subject to section 27388.1's fee requirement turns on whether a record of survey is a "real estate instrument, paper, or notice."  For the reasons that follow, we conclude that it is.

The "first task in construing a statute is to ascertain the intent of the Legislature so as to effectuate the purpose of the law.  In determining such intent, [we] must look first to the words of the statute themselves, giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose."[7]  If the statutory language is clear, we "follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend."[8]  On the other hand, where ambiguity exists, "consideration should be given to the consequences that will flow from a particular interpretation."[9]

Section 27388.1 defines a "real estate instrument, paper, or notice" as "a document relating to real property."[10]  "Real property" is "[l]and and anything growing on, attached to, or erected on it, excluding anything that may be severed without injury to the land."[11]  The Professional Land Surveyors' Act does not directly define a record of survey, but states that a record of survey takes the form of a map,[12] and that it must show all monuments found, the name and legal designation of the property in which the survey is located, "the relationship of adjacent tracts, streets, or senior conveyances which have common lines with the survey," and "[a]ny other data necessary for the intelligent interpretation of the various items and locations of the points, lines, and areas shown," among other things.[13]

---

[6] Bus. & Prof. Code, § 8767; see also Bus. & Prof. Code, §§ 8762, subd. (e), 8768.

[7] *Dyna-Med, Inc. v. Fair Employment & Housing Com*. (1987) 43 Cal.3d 1379, 1386-1387.

[8] *Coalition of Concerned Communities, Inc. v. Los Angeles* (2004) 34 Cal.4th 733, 737.

[9] *Dyna-Med, Inc. v. Fair Employment & Housing Com.*, *supra*, 43 Cal.3d at p. 1387.

[10] Gov. Code, § 27388.1, subd. (a)(1).

[11] Black's Law Dictionary (10th ed. 2014) p. 1412, col. 1; see also *ibid*. (noting that "real property" is also termed "real estate"); *Wasatch Property Management v. Degrate* (2005) 35 Cal.4th 1111, 1121-1122 ("When attempting to ascertain the ordinary, usual meaning of a word, courts appropriately refer to the dictionary definition of that word").

[12] Bus. & Prof. Code, § 8763.

[13] Bus. & Prof. Code, § 8764.

Further understanding of a survey, and by extension a record of survey, can be gleaned from the Professional Land Surveyors' Act's definition of land surveying, which includes locating elevations; determining "the configuration or contour of the earth's surface, or the position of fixed objects above, on, or below the surface of the earth;" locating or establishing property lines or boundaries "of any parcel of land, right-of-way, easement, or alignment of those lines or boundaries;" making a survey for the subdivision or resubdivision of land; determining the position of monuments or reference points which mark property lines and boundaries; and determining the information shown "within the description of any deed, trust deed, or other title document prepared for the purpose of describing the limit of real property . . . ."[14]

A record of survey is a report of a field survey conducted by a licensed land surveyor, containing a technical description of the land in question, along with the surveyor's opinion as to where property boundaries lie. While such reports do not necessarily affect title to land directly, they are an indispensable aid to determining property boundaries, and therefore they are often material to determining interests in real property.

We acknowledge that "record of survey" does not appear in the list of documents enumerated in section 27388.1 as examples of a real estate instrument, paper, or notice. But that list, while illustrative, is expressly non-exclusive.[15] Moreover, we note that the Professional Land Surveyors' Act states that a record of survey "shall be a map . . .",[16] and maps do appear among the enumerated examples of real estate instruments given in section 27388.1.[17] Reading these statutes in harmony, we have no question that a record of survey is a document relating to real property within the meaning of section 27388.1.

Several commenters have urged us to distinguish records of survey from the items enumerated as examples in section 27388.1, arguing that records of survey do not directly

---

[14] Bus. & Prof. Code, § 8726.

[15] Gov. Code, § 27388.1, subd. (a)(1) ("'Real estate instrument, paper, or notice' means a document relating to real property, *including, but not limited to*, the following . . ." [italics added]); *Major v. Silna* (2005) 134 Cal.App.4th 1485, 1495 ("The phrase 'including, but not limited to' is a term of enlargement, and signals the Legislature's intent that [the statute] applies to items not specifically listed in the provision").

[16] Bus. & Prof. Code, § 8763; see also Bus. & Prof. Code, § 8770 (referring to records of survey as "maps" in describing the recorder's obligation to keep such records in a book and maintain indexes by grant, tract, or subdivision).

[17] Gov. Code, § 27388.1, subd. (a)(1).

4

affect title to real property, appear in a chain-of-title search, or provide constructive notice as to rights to real property. Even if that were always true, it would not eliminate records of survey from the purview of section 27388.1. Section 27388.1 is not limited to real estate documents that affect title, appear in chain-of-title searches, or provide constructive notice as to rights to real property. Rather, it applies to documents "relating to real property."[18] "The plain language of the statute establishes what was intended by the Legislature."[19]

That is not to say that every record of survey recorded will be subject to the section 27388.1 recording fee. Section 27388.1 contains several exceptions, including documents relating to transfers of residential dwellings to owner-occupiers[20] and documents recorded by state or local government entities,[21] which apply to records of survey just as they would to any real estate instrument.

In sum, section 27388.1 broadly defines real estate instruments as documents relating to real property, and the Professional Land Surveyors' Act describes a record of survey as a document relating to real property. Therefore, records of survey are subject to section 27388.1's recording fee unless an exception set forth in that statute applies.

*****

---

[18] Gov. Code, § 27388.1, subd. (a)(1).

[19] *People v. Statum* (2002) 28 Cal.4th 682, 690.

[20] Gov. Code, § 27388.1, subd. (a)(2)(B).

[21] Gov. Code, § 27388.1, subd. (a)(2)(D). Commenters have suggested that because the surveyor who prepares the record of survey files it with the county surveyor, who ultimately presents it to the county recorder for filing, the act of submitting the record of survey to the county surveyor should not be subject to the fee imposed by section 27388.1 "at the time of recording." Others have suggested that the county surveyor's presentation of a record of survey to the county recorder would always qualify for the government-entity exemption. We take no position on those arguments at this time. This opinion is limited to determining whether records of survey fall within the documents covered by section 27388.1.